# EXHIBIT 1

**To Notice of Removal**

**(Complaint)**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

Janelle Ober

Plaintiff

vs.

Case No.: CACE-16-015491-05

Progressive Select
Insurance Company fna Progressive
Auto Pro Insurance Co.,

**COMPLAINT**

Defendants
_____/

The Plaintiff, Janelle Ober, sues the Defendant, Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., and alleges:

1. This is an action for damages in excess of $15,000.00, exclusive of costs, interest, and attorney's fees.

2. At all times material to this complaint, the Plaintiff, Janelle Ober, was a resident of Broward County, Florida and sui juris.

3. At all times material to this complaint, the Defendant, was doing business in Broward County, Florida and sui juris.

4. At all times material to this Complaint, Defendant, Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., was a corporation organized doing business in the State of Florida.

# COUNT I

## COMPLAINT IN ACTION FOR INJUNCTION TO PREVENT PROGRESSIVE FROM ISSUING POLICIES WITHOUT UNINSURED MOTORIST COVERAGE WITHOUT A SIGNED REJECTION OF UNINSURED MOTORIST COVERAGE

COMES NOW the Plaintiff, Janelle Ober, and sues the Defendant Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., and alleges:

5. Plaintiff realleges and reavers paragraphs 1 through 4 above as if fully set forth herein.

6. The Plaintiff is entitled to injunctive relief against the defendant upon the following facts:

   (A) At all times material Plaintiff was insured with Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co. On April 24th, 2015 a jury found for plaintiff in an action seeking uninsured motorist coverage.

   (B) Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., has been and continues to issue insurance coverage to people prior to receiving a signed waiver of uninsured motorist coverage.

   (C) Florida Statute 627.727 requires and defendant to receive a signed rejection waiving uninsured motorist coverage prior to issuing or mailing policies without uninsured motorist coverage. Florida Statute 627.727 states:

   > "(1) No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or

>issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motorist motor vehicle coverage provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom."

(D) Despite Florida Statute 627.727 Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., has in the past and continues to issue insurance policies without uninsured motorist coverage prior to receiving a signed waiver of uninsured motorist coverage.

(E) The subject matter of this lawsuit arose from Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., failing to follow the statute, issuing an insurance policy prior to receiving signed waiver of uninsured motorist and then denying coverage in cases where there was not a signed uninsured motorist waiver according to Florida Statute.

(F) A Court of equity and a thorough appreciation for the laws the Florida legislature has enacted, this plaintiff seeks an injunction preventing Progressive Select Insurance Company fna Progressive Auto Pro

Insurance Co., from continuing to issue or deliver automobile insurance policies in contradiction to the statue which states:

> "No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motorist motor vehicle coverage provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom."

(G) The Defendant should be precluded from issuing or delivering automobile insurance policies without providing uninsured motorist coverage before receiving a signed waiver of rejection of uninsured motorist.

7. Defendant, Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., continues to violate the statute in the past and through today.

8. There is no adequate remedy at law since the defendant Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., continues to violate the law in spite of the 4th District Court of Appeal ruling against Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co.

WHEREFORE, Plaintiff demands injunctive relief against Defendants, Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., and demands trial by jury of all issues so triable as a matter of right.

## COUNT II

## CLASS ACTION AGAINST PROGRESSIVE SELECT INSURANCE COMPANY FNA PROGRESSIVE AUTO PRO INSURANCE CO.,

COMES NOW the Plaintiff, Janelle Ober, and sues the Defendant, Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., and alleges:

9. Plaintiff realleges and reavers paragraphs 1 through 4 above as if fully set forth herein.

10. This is a class action brought:

(A) pursuant to Rule 1.220(b)(1)(B) of the Florida Rules of Civil Procedure.

(B) The questions of law and fact that are common to the claim of the representative party and the claim of each member are the following: Whether Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., has the right to issue and deliver policies without uninsured motorist coverage prior to receiving a signed rejection of uninsured motorist coverage which is required by Florida Statute 627.727 which states in part:

> "No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motorist motor vehicle coverage provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom."

(C) The particular facts and circumstances that show the claim advanced and the representative party is typical of each member of class are the following:

"The procedure Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., has followed in the past, (which is the subject matter of the action that returned a verdict in Plaintiff's favor), continues to be followed by Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., Specifically, Plaintiff's contention that Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., has violated Florida Statute by issuing policies without uninsured motorist coverage prior to receiving a signed waiver of uninsured motorist coverage is still being practiced. Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co.,'s policy is effecting all insured's who sign up for coverage over the phone."

(D) The class in this suit is composed of insured's who sign up for insurance with Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., orally and orally waive uninsured motorist coverage and do not send in the signed rejection waiving uninsured motorist coverage. Plaintiff was a customer that signed up for insurance with Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., and orally waived coverage but did not sign or send in the written waiver rejection form waiving uninsured motorist. Plaintiff was subsequently denied uninsured motorist coverage when plaintiff got into a car accident four (4) days after signing up for insurance.

(E) The particular facts and circumstances that support conclusions required by this court in determining that the action may be maintained as a class action pursuant to Fla. R. Civ. P. 1.220(b) are the following:

    (1)    The plaintiffs, as insured's, and customers with Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., have a bona fide, actual present and practical need for a class action law suit in that there is an imperative interest and an existing controversy regarding the administering of insurance policies and the need for companies operating in Florida to follow Florida Law.

    (2)    Florida Statute 627.727 was enacted in order to stop the plethora of confusion and litigation regarding a customer waiving uninsured motorist coverage orally. It was also enacted to protect the consumer from unfair trade practices. Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., is a company operating in Florida. It must follow Florida Law. Allowing Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., to side step the requirement in 627.727 effectively reverses the legislature's effort to resolve issues the statute was designed to mitigate. The plaintiffs are entitled to relief based on the aforementioned facts outlined above.

11. The plaintiffs are entitled to relief against the defendants upon the following facts:

    (A)    Janelle Ober was an insured with the defendant and was denied uninsured motorist benefits and did not sign or return the "written uninsured motorist rejection form" required by the statute.

    (B)    All persons whom applied for uninsured motorist benefits whom did not sign a "written uninsured motorist rejection form" are similarly situated.

    (C)    All person that orally waived uninsured motorist coverage and did not sign a "written uninsured motorist rejection form" have been denied coverage.

12. The plaintiff realleges the allegations of the above and states she is a member of the Class and is willing to be their Representative as stated above.

13. Plaintiff has retained Kenneth D. Cooper to represent her in this action and requests counsel to be appointed as the Class's attorney.

14. Florida Statute 627 allows for attorney's fees.

15. Plaintiff is entitled to attorneys fees in this action.

16. The Plaintiff prays that this court will take jurisdiction of the parties to and the subject matter hereof and will grant to the plaintiffs the following relief:

(A) Determine that the plaintiffs' claim is maintainable as a class action;

(B) Follow the 4th District's Court of Appeal's ruling on this issue and enter a declaratory judgment finding that the defendant is acting in violation of the rights accorded customers via Florida Statute 627.727 set forth above;

(C) Permanently restrain the defendant from continuing to act in violation of Florida Statute 627.727.

(D) Require the defendant to provide a accounting of all monies received in Florida, from whatever sources, from the date the statute was changed for policy premiums received and where no signed uninsured motorist waiver form was received by the defendant Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co.

(E) Enter a monetary judgment against the defendant for all monies collected, from insured for policies with bodily injury benefits but without a "written uninsured motorist rejection form," by the defendant Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co.

(F) Grant such additional, alternative, and supplemental relief as this court deems just and proper.

(G) Award attorneys fees and costs against defendant.

**WHEREFORE**, Plaintiff, Janelle Ober demands judgment against the Defendant, Progressive Select Insurance Company fna Progressive Auto Pro Insurance Co., for actual, and compensatory damages in excess of $15,000.00, plus interest on any liquidated sums, costs and attorney's fees pursuant to Florida Statute 627.428 and 624.155, and demands a jury trial of all

issues so triable as a matter of right.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished upon: **The Law Office of John J. Wilke, Attn: John J. Wilke,** 7284 W. Palmetto Park Road, Suite: 306, Boca Raton, FL. 33433-3431 (561)910-1719 Fax:(561)910-1721, jwilke@wilkelawgroup.com , **The Law Office of Cole, Scott, and Kissane, P.A., Attn: Peter W. Weinstein,** Lakeside Office Center, 600 North Pine Island Road, Suite: 500, Plantation, FL. 33324, (954)343-3929 Fax:(954)474-7979, Peter.Weinstein@csklegal.com , and **The Law Office of Akerman, LLP, Attn: Marcy Levine Aldrich and Bryan T. West,** Three Brickell City Centre, 98 Southeast Seventh Street, Suite: 1100, Miami, FL. 33131, (305)374-5600 Fax:(305)374-5095, marcy.aldrich@akerman.com , bryan.west@akerman.com , debra.atkinson@akerman.com , eileen.guzman@akerman.com , on August 23, 2016.

                                                                   /S/ Kenneth D. Cooper
                                                                   Kenneth D. Cooper,
                                                                   Attorney for Plaintiff
                                                                   Fla. Bar # 362166
                                                                   400 S. E. 8th Street
                                                                   Fort Lauderdale, FL 33316
                                                                   Telephone: (954) 522-7177
                                                                   kcooper543@aol.com